[No. F028298. Fifth Dist. June 7, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY LYONS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Procedural History and Factual History, and parts I, II, IV and V.

**COUNSEL**

John Ward, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Venturi and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WISEMAN, J.—**

### INTRODUCTION

Defendant used a firearm in the commission of several robberies in May of 1996. Because he had two prior strike convictions under Penal Code[1]

---

[1]All statutory references are to the Penal Code unless otherwise noted.

sections 667 and 1170.12, defendant received an indeterminate term of 125 years to life in prison, plus a determinate term of 33 years. In the published portion of this case we reject defendant's contention that enhancements to his prison sentence for firearm use should have been reduced to one-third the middle term. We hold the trial court correctly added full-term firearm-use enhancements to defendant's indeterminate terms under the three strikes sentencing law.

## PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## FACTUAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *The firearm-use enhancement*

 Defendant contends the trial court erred when it did not reduce the firearm-use enhancements on counts 1, 8 and 10 to one-third the middle term.[2] He argues the one-third limitation on consecutive sentences contained in section 1170.1, subdivision (a), applies to a three strikes sentence such as his. We reject this contention.

Defendant argues that under section 1170.1, subdivision (a), when a person is convicted of multiple felonies and is sentenced to consecutive terms under sections 669 and 1170, the aggregate term shall be composed of the principal term, the subordinate term, and certain additional terms for enumerated enhancements not relevant here. Defendant notes this subdivision then provided that "[t]he subordinate term for each consecutive offense which is a 'violent felony' . . . shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for an offense that is a violent felony for which a consecutive term . . . is imposed, and shall include one-third of any enhancements imposed pursuant to Section . . . 12022.5 . . . ." (Former § 1170.1, subd. (a) as amended by Stats. 1994, ch. 1188, § 12.7.)

---

*See footnote, *ante*, page 1224.

[2]In his reply brief, defendant relies on the case of *People* v. *Harrison* (Cal.App.) D024993. However, on April 1, 1998, the California Supreme Court directed the Reporter of Decisions not to publish that opinion.

Defendant's argument has been uniformly rejected in other similar sentencing contexts. For example, in *People* v. *Jackson* (1993) 14 Cal.App.4th 1818 [18 Cal.Rptr.2d 586], the issue was whether imposition of full terms on the gun-use enhancements in two counts other than the principal term (counts 2 & 7) were proper. The court held:

"The gun-use enhancements of counts 2 and 7 are enhancements imposed pursuant to sections 12022.5 and 669. They are attached to indeterminate terms imposed under section 1168.

"Because they are attached to indeterminate terms, the gun-use enhancements are not subject to the determinate sentencing law, including the provisions of section 1170.1. Subdivision (a) of that section provides, in relevant part: '[W]hen any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term. . . .' . . . Since the gun-use enhancements here were imposed pursuant to sections 12022.5 and 669, the determinate sentencing law is inapplicable here.

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The fact[s] that the sentence imposed on the gun-use enhancements is itself for a determinate period does not mean that it is subject to the subordinate term provisions of section 1170.1. . . .

"Accordingly, we find that section 1170.1 does not apply to a gun-use enhancement attached to an offense which carries an indeterminate term of imprisonment." (*People* v. *Jackson, supra,* 14 Cal.App.4th at pp. 1832-1833.)

Although not identical to the claim in *Jackson,* the same argument made by defendant has been rejected in other cases. (See *People* v. *Reyes* (1989) 212 Cal.App.3d 852, 858 [260 Cal.Rptr. 846] [the fact that an enhancement is determinate does not render it subordinate within the meaning of section 1170 because "when one term is determinate and the other is indeterminate, neither is principal or subordinate; instead, each is calculated without reference to the other"]; *People* v. *McGahuey* (1981) 121 Cal.App.3d 524, 531-532 [175 Cal.Rptr. 479] [since life sentences are imposed pursuant to section 1168, subdivision (b), and since the wording of section 1170.1, subdivision (a), specifically limits its application to consecutive terms imposed under sections 669 and 1170, "it must follow that section 1170.1,

subdivision (a), cannot apply to consecutive terms imposed under sections 669 *and* 1168, the case here"].)[3]

Defendant attempts to distinguish *Jackson,* and by implication, its legal underpinnings (*Reyes* and *McGahuey*), on the ground it is not a three strikes case, i.e., it did not address whether the limitations imposed by section 1170.1, subdivision (a), apply to firearm enhancements appended to an offense requiring sentence calculation under section 1170.12. While true, the critical question is whether a defendant sentenced to indeterminate terms under the three strikes law can be sentenced under sections 669 *and* 1170. As will be explained, the answer is "no." Consequently, the one-third the middle term limitation for enhancements on "subordinate counts" in section 1170.1, subdivision (a), has no application here.

We start with the basic premise that life sentences imposed under either version of the three strikes law are clearly indeterminate terms. (See §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A); see *People* v. *Dotson* (1997) 16 Cal.4th 547, 556 [66 Cal.Rptr.2d 423, 941 P.2d 56].) Defendant does not contend otherwise. Second, when indeterminate terms are imposed consecutively, as was done here, section 1170 does not apply. Instead, the sentencing is controlled by sections 1168, subdivision (b), and 669, as well as California Rules of Court, rule 451(a). When the three are read together, the legislative intent to treat and compute determinate and indeterminate terms separately is plain. (See *People* v. *Jackson, supra,* 14 Cal.App.4th at pp. 1832-1833; *People* v. *Reyes, supra,* 212 Cal.App.3d at p. 858; *People* v. *McGahuey, supra,* 121 Cal.App.3d at pp. 531-532; *People* v. *Day, supra,* 117 Cal.App.3d at pp. 936-937.) "Although the [Determinate Sentencing Act] is vast, intricate, and frequently amended, its basic parameters have become familiar to courts and counsel over the years." (*People* v. *Scott* (1994) 9 Cal.4th 331, 349 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) A basic parameter is that there is no provision for making a determinate term either principal or subordinate to an indeterminate term. (See *People* v. *Jackson, supra,* 14 Cal.App.4th at p. 1833; *People* v. *Reyes, supra,* 212 Cal.App.3d at p. 858; *People* v. *Day, supra,* 117 Cal.App.3d at pp. 936-937.) Consequently, section 1170.1 is inapplicable by its own terms because it applies only to consecutive sentences imposed under section 1170.

Section 1170.1, subdivision (a) does not apply here for an additional reason. Defendant is technically correct that a firearm-use enhancement is a determinate term. However, it is not a separate crime. Thus, a firearm-use

---

[3]The *McGahuey* court noted at 121 Cal.App.3d at page 532, footnote 6, that two recent cases, *People* v. *Day* (1981) 117 Cal.App.3d 932, 936-937 [173 Cal.Rptr. 9], and *People* v. *Grimble* (1981) 116 Cal.App.3d 678, 685, footnote 3 [172 Cal.Rptr. 362], had arrived at the same conclusion.

enhancement cannot exist without the crime to which it is attached. When it is appended to a crime in which an indeterminate term is imposed, it must be applied at full strength because "the fact that the enhancement is determinate does not render it subordinate within the meaning of section 1170.1." (*People* v. *Reyes, supra,* 212 Cal.App.3d at p. 858.) Section 1170.1 refers to a "subordinate term for each consecutive *offense* which is a 'violent felony' . . . ." (Italics added.) Thus, "[s]ubordinate terms include only those terms for felony convictions which have been imposed consecutively . . . ." (*People* v. *Mustafaa* (1994) 22 Cal.App.4th 1305, 1310 [28 Cal.Rptr.2d 172].) "The procedure for sentencing a person convicted of two or more felonies does not contemplate imposing an enhancement separately from the underlying crime." (*Ibid.*) Consequently, "[u]nder the sentencing scheme an enhancement may not be imposed as a subordinate term on its own." (*Ibid.*)

Although it did not undertake an extensive analysis, relying on *Jackson, Reyes* and *Day,* the court in *People* v. *Miles* (1996) 43 Cal.App.4th 364, 370, footnote 6 [51 Cal.Rptr.2d 87], reached a similar conclusion in a "third strike" case. There, the court held the full term of one year pursuant to section 12022, subdivision (a)(1), must be imposed. It reasoned that ". . . because *indeterminate* sentencing has occurred pursuant to sections 667, subdivision (e)(2)(A)(ii) and 1168, subdivision (b), there may be no reduction to one-third of the section 12022, subdivision (a)(1) enhancement as would occur if a determinate term had been imposed." (43 Cal.App.4th at p. 370, fn. 6.)

For the foregoing reasons, we hold the trial court did not err by imposing full-term firearm enhancements to the indeterminate terms in counts 1, 8, and 10.

IV., V.*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 1999. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1224.