FEUER, J.**
*1259 On the morning of February 16, 2012 Minifie forced his ex-girlfriend Lillian Pleitez into the passenger seat of his vehicle and drove away. After a witness called 911, Minifie was followed by two police cars. A high-speed chase ensued through the streets just west of downtown Los Angeles, with Minifie running through multiple *443 red lights. The chase ended when Minifie swerved into oncoming traffic and collided with another vehicle head-on. Pleitez died on the way to the hospital.
The jury found Minifie guilty of second degree murder ( Pen. Code, § 187, subd. (a) ; count 1),[1] kidnapping (§ 207, subd. (a); count 2), and evading an officer causing injury ( Veh. Code, § 2800.3, subd. (a) ; count 3). Minifie waived his right to a jury trial on his alleged prior convictions, and admitted he had suffered three prior convictions. The court found that Minifie had served three prior separate prison terms within the meaning of section 667.5, subdivision (b).
On count 1 the trial court sentenced Minifie to an indeterminate term of 15 years to life. On count 2 the trial court sentenced Minifie to the upper term of eight years, to run consecutively. The trial court imposed three one-year prior prison term enhancements under section 667.5, subdivision (b), on both counts 1 and 2. On count 3 the trial court sentenced Minifie to a consecutive term of one year eight months (one-third the middle term). Minifie was sentenced to an aggregate state prison term of 30 years eight months to life.
In the unpublished part of the opinion, we conclude that Pleitez's statements expressing her fear to her daughter approximately two hours before the kidnapping were properly admitted under the state of mind exception to the hearsay rule. We also reject Minifie's claims of instructional error and prosecutorial misconduct.
*1260 In the published part of the opinion, we address whether a trial court may impose prior prison term sentence enhancements under section 667.5, subdivision (b), separately to an indeterminate term of imprisonment and a determinate term of imprisonment as part of the defendant's aggregate sentence. We conclude the trial court properly imposed the enhancements on both the indeterminate and determinate terms. We affirm.
FACTUAL BACKGROUND***
DISCUSSION
A.-B.†
C. The Trial Court Properly Imposed the Prior Prison Term Sentence Enhancements to Both the Indeterminate and Determinate Sentences
Section 667.5, subdivision (b), provides for a one-year enhancement for each prior state prison term served by a defendant for a felony conviction where the defendant "did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." ( People v. Tenner (1993) 6 Cal.4th 559, 563, 24 Cal.Rptr.2d 840, 862 P.2d 840 ; accord, People v. Abdallah (2016) 246 Cal.App.4th 736, 742, 201 Cal.Rptr.3d 198.) Minifie contends the trial court erred in imposing three one-year prior prison term enhancements on both the indeterminate and determinate sentences. We disagree.
Minifie relies on the Supreme Court's holding in People v. Tassell (1984) 36 Cal.3d 77, 201 Cal.Rptr. 567, 679 P.2d 1 ( Tassell ), overruled on other grounds in People v. Ewoldt (1994) 7 Cal.4th 380, 387, 401, 27 Cal.Rptr.2d 646, 867 P.2d 757. In Tassell , the defendant was convicted of kidnapping, rape, and oral copulation, on each of which the court imposed a sentence under the determinate sentencing *444 law.[11] The court considered whether the *1261 trial court properly applied the prior prison term enhancements under sections 667.5, subdivision (b), and 667.6, subdivision (a),[12] to two of the determinate terms. The Supreme Court concluded that the enhancements should have been applied only once to the aggregate sentence, regardless of the number of determinate terms. ( Id . at pp. 91-92, 201 Cal.Rptr. 567, 679 P.2d 1.)
The court reasoned, "Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions-authorized by sections 667.5, 667.6 and 12022.1-are of the first sort. The second kind of enhancements-those which arise from the circumstances of the crime-are typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted? Enhancements of the second kind enhance the several counts; those of the first kind, by contrast, have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence." ( Tassell , supra , 36 Cal.3d at p. 90, 201 Cal.Rptr. 567, 679 P.2d 1.)
The Supreme Court next considered imposition of enhancements for prior convictions to multiple indeterminate sentences imposed on a third strike offender under the three strikes law (§§ 667, subds. (b)-(i), 1170.12) in People v. Williams (2004) 34 Cal.4th 397, 19 Cal.Rptr.3d 619, 98 P.3d 876 ( Williams ).[13] The court in Williams reaffirmed its prior holding in Tassell , as it applied to determinate terms, holding that "when imposing a determinate sentence on a recidivist offender convicted of multiple offenses, a trial court is to impose an enhancement for a prior conviction only once to increase the aggregate term, and not separately to increase the principal or subordinate term imposed for each new offense." ( Williams , at p. 400, 19 Cal.Rptr.3d 619, 98 P.3d 876, fn. omitted.)
The court concluded, however, that the holding in Tassell did not apply to indeterminate sentences imposed under the three strikes law. ( Williams , supra , 34 Cal.4th at p. 402, 19 Cal.Rptr.3d 619, 98 P.3d 876.) The court held, "As this court has stated, *445 '[t]he *1262 consecutive sentencing scheme of section 1170.1 does not apply to indeterminate life terms, and therefore it has no application to sentencing calculations for three strikes defendants.' [Citations.] Because Tassell relied on section 1170.1, which does not apply to third strike sentences, it is not controlling or even helpful here in this significantly different context. [Citation.]" ( Id . at pp. 402-403, 19 Cal.Rptr.3d 619, 98 P.3d 876.)
In reaching its holding, the court noted, "The Three Strikes law, unlike section 1170.1, does not draw any distinction between status enhancements, based on the defendant's record, and enhancements based on the circumstances of the current offenses, and the Three Strikes law generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense. Accordingly, ... under the Three Strikes law, section 667 [, subdivision] (a) enhancements are to be applied individually to each count of a third strike sentence." ( Williams , supra , 34 Cal.4th at pp. 404-405, 19 Cal.Rptr.3d 619, 98 P.3d 876.)
The Supreme Court again considered enhancements for prior convictions in Sasser , in which the court concluded that when multiple second-strike sentences are imposed under the three strikes law, Tassell applies, and a prior conviction enhancement may be added only once to the aggregate sentence.[14] ( Sasser , supra , 61 Cal.4th at pp. 6-7, 186 Cal.Rptr.3d 540, 347 P.3d 522.) The court observed that multiple second-strike sentences, in contrast to third-strike sentences, are determinate sentences governed by both the three strikes law and section 1170.1. ( Sasser , at p. 13, 186 Cal.Rptr.3d 540, 347 P.3d 522.)
The court explained, "Once it is understood that [the defendant's] enhancements for prior convictions are governed by section 1170.1, Tassell's interpretation of that statute controls. As Tassell explained, section 1170.1 draws an important distinction between offense-based enhancements, which apply to every relevant count, and status-based enhancements, which apply only once." ( Sasser , supra , 61 Cal.4th at p. 15, 186 Cal.Rptr.3d 540, 347 P.3d 522.)
The Supreme Court has not addressed the imposition of enhancements for prior convictions in the context before us, where the trial court sentenced the defendant to an indeterminate sentence based on the nature of the crime, not the three strikes law, and a determinate sentence imposed under the determinate sentencing law.[15] The Fourth Appellate District in People v. Misa (2006) 140 Cal.App.4th 837, 44 Cal.Rptr.3d 805 ( Misa ) addressed a similar sentencing issue in the context of a sentence enhancement under section 667, *1263 subdivision (a)(1). In Misa , the trial court sentenced the defendant to an indeterminate life sentence on a torture count and a determinate sentence on one assault count, and stayed punishment on a second assault count. The court imposed separate five-year enhancements under section 667, subdivision (a)(1), on both the indeterminate sentence on the torture count and the determinate *446 sentence on the assault count. ( Misa , supra , at p. 841, 44 Cal.Rptr.3d 805.)
The court noted that the analysis of the Williams court as to enhancement of indeterminate sentences was not dispositive because the court's reasoning was based on the fact the defendant was sentenced under the three strikes law, whereas the defendant in Misa was sentenced to an indeterminate sentence based on the nature of the offense. ( Misa , supra , 140 Cal.App.4th at pp. 845-846, 44 Cal.Rptr.3d 805.) However, the court concluded that "the statutory language in section 667, subdivision (e) that the Williams court relied on in part to determine that the prior conviction enhancement must be applied to multiple strike offenses in third strike cases also applies to second strike sentences and thus supports the conclusion that a logical application of the Williams analysis in this context would require the imposition of the prior conviction enhancement on [the defendant's] second strike offense (the torture count) notwithstanding that the enhancement was also imposed as a status enhancement relating to the determinate term on the assault count." ( Id . at p. 846, 44 Cal.Rptr.3d 805.)
The court in Misa also based its holding on the Williams court's reliance in part "on the fact that the section 667, subdivision (a) enhancement was enacted as part of a statutory and constitutional scheme intended to increase sentences for recidivist offenders." ( Misa , supra , 140 Cal.App.4th at p. 846, 44 Cal.Rptr.3d 805, citing Williams, supra , 34 Cal.4th at p. 404, 19 Cal.Rptr.3d 619, 98 P.3d 876.)
Here, unlike Williams and Misa , Minifie was not sentenced under the three strikes law, either as a second or third strike offender. However, "sections 667, subdivision (a) and 667.5 have the same purpose-increasing the duration of prison terms for recidivists." ( People v. Garcia (2008) 167 Cal.App.4th 1550, 1561, 85 Cal.Rptr.3d 155 [applying reasoning in Williams to find that § 667.5 enhancement may be applied separately to each indeterminate sentence]; see also People v. Coronado (1995) 12 Cal.4th 145, 156, 48 Cal.Rptr.2d 77, 906 P.2d 1232 ["Prior prison term enhancements, such as those authorized by [§] 667.5[, subd.] (b), ... are attributable to the defendant's status as a repeat offender"].)
Moreover, imposition of an enhancement for a prior conviction on both the indeterminate and determinate sentences is consistent with the separate statutory sentencing schemes for indeterminate and determinate term *1264 crimes. As this court held in People v. Neely (2009) 176 Cal.App.4th 787, 97 Cal.Rptr.3d 913, "Sentencing under these two sentencing schemes must be performed separately and independently of each other. [Citation.] Only after each is determined are they added together to form the aggregate term of imprisonment." ( Id . at p. 797, 97 Cal.Rptr.3d 913.) The court described this approach "as sentencing in separate boxes," concluding on the facts before the court, "the indeterminate term crime ... is placed in one box. The court imposes the required ... life sentence and, in the same box, adds any enhancements to that sentence. ... [¶] A second box is created to include the three determinate sentence crimes. ... [¶] After these calculations, the second box would be complete and contain the total sentence for all the determinate sentence crimes. The court would add the term of the second box to the term of the first box to arrive at the total aggregate sentence." ( Id . at pp. 798-799, 97 Cal.Rptr.3d 913, fn.omitted.)
We therefore look to the sentencing schemes applicable to indeterminate and determinate sentences to determine *447 whether the prior prison term enhancements should be applied separately to the indeterminate sentence "box" and determinate sentence "box." We conclude that the enhancements should be applied to both.
An indeterminate sentence imposed consecutively to a determinate sentence is governed by section 669, subdivision (a), section 1168, subdivision (b), and rule 4.451(a) of the California Rules of Court. ( People v. Lyons (1999) 72 Cal.App.4th 1224, 1228, 85 Cal.Rptr.2d 581 ; see also People v. Felix (2000) 22 Cal.4th 651, 656, 94 Cal.Rptr.2d 54, 995 P.2d 186.) Section 669, subdivision (a), provides in pertinent part, "Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements , or with any other term of imprisonment for a felony conviction." (Italics added.) Section 1168, subdivision (b), provides, "For any person not sentenced under such provision [the determinate sentencing law], but who is sentenced to be imprisoned in the state prison ..., the court imposing the sentence shall not fix the term or duration of the period of imprisonment."[16]
As to the determinate sentence, "Section 1170.1, which was enacted as part of the DSL, 'generally governs the calculation and imposition of a determinate sentence when a defendant has been convicted of more than one *1265 felony offense.' [Citation.]" ( Sasser , supra , 61 Cal.4th at pp. 8-9, 186 Cal.Rptr.3d 540, 347 P.3d 522.) Section 1170.1, subdivision (a), provides in pertinent part, "when any person is convicted of two or more felonies, ... and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (Italics added.)[17]
Because section 669, subdivision (a), provides for imposition of "applicable enhancements" to the indeterminate sentence and section 1170.1, subdivision (a), provides for imposition of "applicable enhancements" to the determinate sentence, we conclude that the prior prison term enhancements under section 667.5, subdivision (b), are to be applied once to the indeterminate sentence and once to the determinate sentence, unless the court elects to strike the conviction under section 1385.[18] The trial court therefore properly *448 imposed three one-year prior prison term enhancements on both the indeterminate and determinate sentences.
DISPOSITION
The judgment is affirmed.
We concur:
ZELON, Acting P. J.
SEGAL, J.

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

All undesignated statutory references are to the Penal Code.

See footnote *, ante .

See footnote *, ante .

"The Legislature in 1976 enacted the Uniform Determinate Sentencing Act (Stats. 1976, ch. 1139, p. 5061), commonly referred to as the determinate sentencing law (DSL).... [¶] The DSL's emphasis on uniform punishment marked a shift away from a system in which most prisoners were sentenced to an indeterminate range of years, usually with a maximum term of life imprisonment." (People v. Sasser (2015) 61 Cal.4th 1, 8, 186 Cal.Rptr.3d 540, 347 P.3d 522 (Sasser ).)

Section 667.6, subdivision (a), provides for a five-year enhancement for "prior convictions of recidivist sex offenders." (Tassell, supra , 36 Cal.3d at p. 91, 201 Cal.Rptr. 567, 679 P.2d 1.) The court noted that "there is no indication that [the Legislature] intended that such enhancements [under section 667.6, subdivision (a) ] be otherwise treated differently than those in section 667.5." (Ibid . )

The court in William s considered imposition of sentence enhancements for prior serious felony convictions imposed under section 667, subdivision (a)(1). (Williams , supra , 34 Cal.4th at pp. 400-401, 19 Cal.Rptr.3d 619, 98 P.3d 876.) That subdivision provides, "any person convicted of a serious felony who previously has been convicted of a serious felony in this state ... shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667, subd. (a)(1).) The Supreme Court in People v. Gutierrez (2002) 28 Cal.4th 1083, 1163-1164, 124 Cal.Rptr.2d 373, 52 P.3d 572, confirmed the Tassell rule applies to enhancements under section 667, subdivision (a)(1). (See Sasser , supra , 61 Cal.4th at pp. 10-11, 186 Cal.Rptr.3d 540, 347 P.3d 522.)

As in Williams , the court in Sasser considered application of a prior serious felony enhancement under section 667, subdivision (a)(1). (Sasser , supra , 61 Cal.4th at p. 6, 186 Cal.Rptr.3d 540, 347 P.3d 522.)

In Sasser , the trial court imposed five-year enhancements under section 667, subdivision (a), on each of the nine indeterminate sentences, in addition to the enhancements it imposed on the two determinate terms. However, as the Supreme Court noted, the defendant did not challenge the trial court's imposition of enhancements for prior convictions on the indeterminate terms, and therefore this was not at issue on appeal. (Sasser , supra , 61 Cal.4th at p. 7, 186 Cal.Rptr.3d 540, 347 P.3d 522.)

California Rules of Court, rule 4.451(a) provides, consistent with Neely , "When a defendant is sentenced under section 1170 and the sentence is to run consecutively to ... a sentence imposed under section 1168(b) in the same or another proceeding, the judgment must specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence, must order that the determinate term be served consecutively to ... the sentence under section 1168(b), and must identify the proceedings in which the indeterminate sentence was imposed."

Section 1170.1, subdivision (d), provides, "When the court imposes a sentence for a felony pursuant to Section 1170 [determinate sentence] or subdivision (b) of Section 1168 [indeterminate sentence], the court shall also impose, in addition and consecutive to the offense of which the person has been convicted, the additional terms provided for any applicable enhancements. ..." This subdivision does not provide any guidance on whether the "additional terms provided for any applicable enhancements" are to be applied to the aggregate sentence or separately to the indeterminate and determinate sentences.

A section 667.5, subdivision (b), prior prison term enhancement, in contrast to a section 667, subdivision (a), serious felony conviction enhancement, may be stricken pursuant to section 1385, subdivision (a). (People v. Garcia , supra , 167 Cal.App.4th at p. 1561, 85 Cal.Rptr.3d 155.)