Filed 12/7/21  P. v. Smith CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRYON L. SMITH,<br><br>    Defendant and Appellant. | B305172<br><br>(Los Angeles County<br> Super. Ct. No. TA084803)<br>(Connie R. Quiñones, Judge)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the opinion filed herein on November 16, 2021, be modified as follows:

On page 9, footnote 5, delete the words "as was done in this case".

There is no change in the judgment.

Respondent's petition for rehearing is denied.

*MANELLA, P. J.          WILLHITE, J.          COLLINS, J.

Filed 11/16/21  P. v. Smith CA2/4 (unmodified opinion)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRYON L. SMITH,<br><br>    Defendant and Appellant. | B305172<br>(Los Angeles County<br> Super. Ct. No. TA084803) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Connie R. Quiñones, Judge.  Conditionally reversed and remanded, with directions.

Juvenile Innocence & Fair Sentencing Clinic, Christopher Hawthorne, Marisa Sacks and Shannon Leap for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted appellant Tryon L. Smith in 2006 of one count of carjacking (Pen. Code, § 215, subd. (a), count 2),[1] two counts of robbery (§ 211, counts 3-4), and one count of assault (§ 240, count 5). Appellant committed the offenses when he was 17 years old. On counts 2 through 4, the jury found that the crimes had been committed for the benefit of a street gang (§ 186.22, subd. (b)(1)), and that appellant personally used a firearm during the commission of the crimes (§ 12022.53, subd. (b)).

Appellant was sentenced to an overall term of 33 years 8 months to life imprisonment. On count 2, the court sentenced appellant to 15 years to life based on an alternate penalty provision not alleged or found true by the jury (§ 186.22, subd. (b)(4)(B)), plus 10 years for the firearm enhancement (§ 12022.53, subd. (b)). On both counts 3 and 4, appellant was sentenced to one year for robbery (one-third the middle-term of three years), plus three years, four months for the firearm enhancement (§ 12022.53, subd. (b)). The court imposed a concurrent one-year term of county jail on count 5.

We affirmed appellant's judgment in 2008 in his direct appeal (see *People v. Terrell Barron & Tryon Larry Smith* (June 30, 2008, B197621) [nonpub. opn.] (*Smith I*)), after which the Supreme Court denied appellant's petition for review.

On August 16, 2019, the California Department of Corrections and Rehabilitation (CDCR) identified two errors in appellant's sentence in a

---

[1] Undesignated statutory references are to the Penal Code. Appellant was tried alongside codefendant Terrell Barron, who is not is a party to this appeal.

recommendation letter filed with the court. The CDCR first noted that the indeterminate abstract of judgment on count 2 stated appellant had been sentenced to 15 years to life, whereas the minute order of the sentencing hearing stated appellant had been sentenced to 25 years to life. The CDCR then noted that the determinate sentences on counts 3 and 4 had been improperly subordinated to the indeterminate term on count 2.

During a hearing on the recommendation letter, the court declared it was not resentencing appellant, but was correcting discrepancies appearing on the minute order and abstracts of judgment. Without referencing any statute providing for his principal term on count 2, the court stated that appellant was sentenced to 15 years to life on count 2, plus an additional 10 years under section 186.22, subdivision (b)(1)(C). Thereafter, the court reaffirmed that appellant's sentences on counts 3 and 4 were four years, four months for an overall term of 33 years 8 months to life.

On this appeal from the resentencing hearing, the parties contend, and we agree, that appellant is entitled to a limited remand in which the court must correct appellant's unauthorized sentence. In light of that conclusion, however, we agree with appellant that his judgment of conviction is not final for purposes of determining whether Proposition 57, which eliminated the direct filing of criminal complaints against minors, retroactively applies to his case. Appellant is therefore entitled to a transfer hearing under Proposition 57 in which the juvenile court must decide whether prosecution of appellant as an adult is

3

appropriate. We conditionally reverse the conviction, vacate appellant's sentence, and direct the juvenile court to conduct a transfer hearing.[2]

## BACKGROUND

We previously granted appellant's request to take judicial notice of the appellate record in *Smith I*. We have utilized the prior appellate record and the record in this appeal to recite the foregoing background, which we have limited to the relevant procedural history in this case.

As provided in its verdict forms, on count 2, the jury found appellant guilty of carjacking (§ 215, subd. (a)), and found true the allegations that appellant had personally used a firearm (§ 12022.53, subd. (b)), and that the "offense was committed for the benefit of, at the direction of and in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members within the meaning of . . . section 186.22(b)(1)(A)."[3] On counts

---

[2]    In light of our conclusion, we do not consider appellant's alternative contention that the court abused its discretion by denying his request to present evidence relevant to his unauthorized sentence.

[3]    Section 186.22, subdivision (b)(1) provides: "Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony . . . of which he or she has been convicted, be punished as follows:

"(A)  Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] . . . [¶]

4

3 and 4, the jury found appellant guilty of second degree robbery (§ 211), and found true the personal use of a firearm enhancement (§ 12022.53, subd. (b)), and the gang enhancement (§ 186.22, subd. (b)(1)(A)).

In its sentencing memorandum in the original sentencing, the prosecution erroneously stated that the jury had found the gang enhancement in count 2 true under section 186.22, subdivision (b)(1)(C), rather than the correct provision, subdivision (b)(1)(A). In addition, the prosecution requested sentencing pursuant to subdivision (b)(4)(B) of section 186.22, rather than the correct subdivision, (b)(1)(A)). Subdivision (b)(4)(B) carried an indeterminate term of life imprisonment with a minimum term of 15 years.[4] The prosecution also requested the imposition of an additional 10 years on count 2 for the firearm enhancement (§ 12022.53, subd. (b)).

After reviewing the prosecution's sentencing memorandum, on February 15, 2007, the court called the matter for a sentencing hearing.

---

"(C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

[4]     Subdivision (b)(4) of section 186.22 provides: "Any person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] . . . [¶]

"(B) Imprisonment in the state prison for 15 years, if the felony is . . . carjacking, as defined in Section 215."

During the hearing, the court stated that on count 2, the jury had found true "the special allegations of 186.22(b)(4) . . . to be true," as erroneously represented in the prosecution's sentencing memorandum. Based on that finding, the court imposed 15 years to life under subdivision (b)(4)(B) of section 186.22, plus 10 years for the personal use of a firearm "for a total of 25 years to life as to count 2." On counts 3 and 4, the court sentenced appellant to "one-third the mid-term," plus three years, four months for the firearm enhancement (§ 12022.53, subd. (b)), for a total of four years, four months on each count.

Compounding the confusion, the minute order of the sentencing hearing correctly referred to the sentences orally imposed on counts 3 and 4, but erroneously listed appellant's sentence on count 2 as 25 years to life, and erroneously referred to that sentence as being "pursuant to . . . section 186.22(b)(1)(C)."

In the original appeal in 2008, we rejected appellant's claims of trial error (none of which are relevant to this appeal). (See *Smith I*, *supra*, at p. 1.) Appellant's judgment of conviction was deemed final after the Supreme Court denied his petition for review in October 2008. (*Id.*, rev. denied Oct. 16, 2008, S165727; see *People v. Vieira* (2005) 35 Cal.4th 264, 305–306.)

However, on August 16, 2019, the CDCR filed a letter informing the trial court of several sentencing errors. The letter states:

"The Indeterminate Abstract of Judgment reflects Count 2 . . . with a 15 years to life term and an additional 10 years pursuant to PC 186.22 (b)(1)(C). However, the Minute Order reflects [25 years to life]. May the Court please be advised that the sentencing range for this

6

offense is 3 years, 5 years, and/or 9 years. If the intent of the Court was to sentence [appellant] to 15 years to life, PC 186.22(b)(4) should be reflected on the Indeterminate Abstract of Judgment. Furthermore, a punishment can only be imposed pursuant to PC 186.22(b)(4) or . . . (b)(1)(C), not both.

"In Addition, the Determinate Abstract of Judgment and Minute Order reflect Count 3 and 4 . . . with one-third the middle term of 1 year imposed for each count including one-third the middle term of 3 years and 4 months for enhancements pursuant to PC 12022.53(b). . . . According to [the California Rules of Court], the Determinate Term shall be computed without reference to the Indeterminate Term. Therefore, Pursuant to [section] 1170.1(a), the full term for either Count 3 or Count 4 and the enhancements attached to such shall be imposed consecutively to Count 2. The sentencing range for this offense is 2 years, 3 years, and/or 5 years. Penal Code Section 12022.53(b) carries a 10[-]year term."

On October 7, 2019, appellant filed a motion requesting supplemental sentencing proceedings in which he could make a record of mitigating factors in advance of his youth offender parole hearing. Appellant requested that the proceedings occur following the correction of his sentence.

On October 24, 2019, the court called the matter for a hearing. Addressing appellant, the court stated, "you are here today because of a motion, correction of the minute order and the abstract that don't match each other. It is not going to be a re-sentencing." After noting a discrepancy between the minute order and indeterminate abstract of

7

judgment on count 2, the court noted that appellant's sentence "was not 25 years to life. It's 15 years to life on count 2. [¶] In addition to the 15 years to life, there was a 10-year allegation for the 186.22(b)(1)(C). So that added 10 years." After restating the sentences as originally imposed on counts 3 and 4 (each count carrying four years, four months), the court stated, "the aggregate [sentence] is . . . 33.8 years to life."

The minute order from the October 2019 hearing stated that the court ordered "the minute order of February 7, 2007 amended nunc pro tunc to reflect count 2 as follows: 15 years to life as to count 2. [¶] The court imposes 10 years pursuant to section 12022.53(b) Penal Code." Appellant timely appealed.

## DISCUSSION

1. *Unauthorized Sentence*

The parties contend, and we agree, that the trial court failed to correct appellant's unauthorized sentence. We also agree with the Attorney General that the case "should be remanded to give the court an opportunity to correct the unauthorized sentences."

Trial courts generally are without jurisdiction to change a criminal defendant's sentence once execution of the sentence has commenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) However, if the sentence is not statutorily authorized, it is subject to correction whenever it comes to the court's attention. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044.) When a trial court becomes aware that a

8

defendant's sentence is unauthorized,[5] "that sentence must be vacated and a proper sentence imposed." (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693.)

In this case, the CDCR's letter identified errors with respect to appellant's sentence. Despite the presence of those errors, the court purported not to recall the sentence and resentence appellant, but to simply correct discrepancies in the minute order of the original sentencing hearing and indeterminate abstract of judgment. We conclude that the court's procedure did not cure the errors presented.

To begin with, the trial court imposed on count 2 a 15-year-to-life term under section 186.22, subdivision (b)(4)(B).[6] This was the subdivision orally referred to by the original sentencing court in 2007. But subdivision (b)(4)(B), which provides an alternate penalty provision and not an enhancement, was not alleged in the information, and was not found true by the jury. (See *Robert L. v. Superior Court* (2003) 30

---

[5] One way to bring an unauthorized sentence to the court's attention is through a section 1170, subdivision (d) recommendation letter, as was done in this case. Subdivision (d)(1) of section 1170 provides, inter alia, that "upon the recommendation of the secretary or the Board of Parole Hearings . . . [the court may] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [he or she] had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

[6] The trial court did not specify the statutory bases on which it imposed the 15-year-to-life term on count 2. Certainly, the court could not have imposed a principal indeterminate term based on the underlying offense. (See § 215, subd. (b) [carjacking carries triad of three, five, or nine years imprisonment].)

Cal.4th 894, 900, fn. 6 [alternate penalty provisions provide "'an *alternate* penalty for the underlying felony itself,'" as opposed to an enhancement "'[that] *increases* the punishment for the offense'"]; *People v. Sweeney* (2016) 4 Cal.App.5th 295, 301 ["an alternat[e] punishment provision must be pleaded and proved"].)  The failure of pleading subdivision (b)(4)(B) is tantamount to providing appellant no notice that an alternate sentence carrying a life term would be pursued.  (Cf. *People v. Botello* (2010) 183 Cal.App.4th 1014, 1024 ["the inadequacy of pleading identified by the Supreme Court [in *People v. Mancebo* (2002) 27 Cal.4th 735,] was not the failure to plead facts that would support the . . . circumstance, but rather the failure to plead the circumstance itself"].)

Moreover, on count 2 the court erroneously imposed an additional 10 years based on section 186.22, subdivision (b)(1)(C).  Sentencing courts may not impose multiple punishments for the same aspect of a criminal act.  (*People v. Ahmed* (2011) 53 Cal.4th 156, 163–164; see § 654, subd. (a).)

Further, the court erred by subordinating the determinate terms imposed on counts 3 and 4 to the indeterminate term imposed on count 2.  (Cal. Rules of Court, rule 4.451(a); see *People v. Lyons* (1999) 72 Cal.App.4th 1224, 1228 ["A basic parameter is that there is no provision for making a determinate term either principal or subordinate to an indeterminate term"]; *People v. McGahuey* (1981) 121 Cal.App.3d 524, 531–532 (*McGahuey*).)  The triad of sentences for second degree robbery is two, three, or five years imprisonment.  (§ 213, subd. (a)(2).)  The

firearm enhancement under subdivision (b) of section 12022.53, if imposed at all, carries a 10-year term. The sentences in counts 3 and 4 are thus not properly computed and must be corrected.

The foregoing errors may not be corrected through a modification order or a mere nunc pro tunc correction of the judgment. (See *McGahuey, supra,* 121 Cal.App.3d at p. 530.) We therefore conditionally reverse the trial court's order, vacate appellant's sentence, and remand for resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).)

2. *Appellant is Entitled to a Transfer Hearing Under Proposition 57*

In light of our holding directing the trial court to resentence appellant, we conclude that appellant is correct in contending he is entitled to a transfer hearing under Proposition 57.

A. *Governing Law: Proposition 57 and Retroactivity*

At the time appellant was charged in 2006, "in specified circumstances, prosecutors were permitted, and sometimes required, to file charges against a juvenile directly in criminal court, where the juvenile would be treated as an adult." (*People v. Superior Court* (*Lara*) 4 Cal.5th 299, 305 (*Lara*).) That was the procedure followed in appellant's case.

Proposition 57, which took effect in 2016, changed that procedure "and largely returned California to the historical rule. 'Among other provisions, Proposition 57 amended the Welfare and Institutions Code

11

so as to eliminate direct filing by prosecutors.  Certain categories of minors . . . can still be tried in criminal court, but only after a juvenile court judge conducts a transfer hearing to consider various factors such as the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.  (Welf. & Inst. Code, § 707, subd. (a)(1).' [Citation.]" (*Lara, supra*, 4 Cal.5th at pp. 305–306.)  "Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." (*Id.* at p. 303.)

Under *Lara* and its progeny (including this court's prior opinion in *People v. Padilla* (2020) 50 Cal.App.5th 244 (*Padilla*), review granted Aug. 26, 2020, S263375), Proposition 57 applies retroactively to all cases not yet final at the time it was enacted.  (*Lara, supra*, 4 Cal.5th at p. 304; see *People v. Hwang* (2021) 60 Cal.App.5th 358, 366–367 (*Hwang*), rev. granted Apr. 14, 2021, S267274; *People v. Windfield* (2021) 59 Cal.App.5th 496, 531–532 (*Windfield*); *People v. Lopez* (2020) 56 Cal.App.5th 835, 839, 848 (*Lopez*), rev. granted Jan. 27, 2021, S265936; *People v. Ramirez* (2019) 35 Cal.App.5th 55, 65 (*Ramirez*); *People v. Garcia* (2018) 30 Cal.App.5th 316, 324.)

*Lara* also established the remedy for a Proposition 57 violation: the appellate court must conditionally reverse the judgment and remand the matter to the juvenile court to hold a transfer hearing.  If the juvenile court determines it would have transferred the juvenile to adult court, the adult court must reinstate the convictions and sentence. If the juvenile court finds it would not have transferred the juvenile, the

court will treat the convictions as juvenile adjudications and impose an appropriate disposition.  (*Lara, supra*, 4 Cal.5th at pp. 310, 313; accord, *Ramirez, supra*, 35 Cal.App.5th at p. 59.)

B.  *Analysis*

Although the trial court sentenced appellant in 2007, as discussed above, appellant's sentence must be vacated and remanded for resentencing.  Because the lower court has not yet imposed an authorized sentence, appellant's judgment is not deemed final for purposes of retroactive application of Proposition 57.

This conclusion is consistent with *Windfield, supra*, 59 Cal.App.5th 496.  In that case, the defendants were convicted and sentenced for crimes they had committed in 2009.  (*Id.* at pp. 504–507.) Following several grants of review by the Supreme Court, the matter was eventually transferred to the court of appeal with directions to vacate the courts' decision and reconsider the cause in light of Senate Bill No. 620, which became effective January 1, 2018,[7] while the matter was pending on review.  (*Id.* at pp. 503, 529.)  In supplemental briefing filed with the court of appeal, one of the defendants (Johnson) argued that Proposition 57 applied retroactively to his judgment, as he was

---

[7]  Senate Bill No. 620 removed the prohibition on striking firearm enhancements under sections 12022.5 and 12022.53, and added language to both sections providing trial courts with discretion to strike the enhancements under section 1385.  (*Windfield, supra*, 59 Cal.App.4th at p. 529.)

13

under the age of 18 during the commission of the crimes for which he was convicted.  (*Id.* at pp. 507, 531.)

The court of appeal remanded the matter to the trial court to consider whether to strike or dismiss the firearm enhancements pursuant to sections 12022.5 and 12022.53.  (*Windfield, supra,* 59 Cal.Ap.4th at p. 530.)  Having "already concluded that defendant Johnson is entitled to a limited remand for resentencing," the court agreed that the defendant's judgment was not final for purposes of retroactive application of Proposition 57.  (See *id.* at p. 531.)  "[B]efore resentencing can take place, we direct a limited remand to the juvenile court to conduct" a transfer hearing in accordance with Welfare and Institutions Code section 707, subdivision (a)(1).  (*Windfield, supra,* at p. 531.)

As did the court in *Windfield* (though for different reasons), we remand this matter for the limited purpose of resentencing.  Thus, as in *Windfield,* for purposes of retroactive application of Proposition 57, appellant's judgment is not final.  (See *People v. McKenzie* (2020) 9 Cal.5th 40, 46 [when determining the "cutoff point for application of ameliorative amendments," the "terms 'judgment' and '"sentence"' are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence"]; accord, *Ramirez, supra,* 35 Cal.App.5th at pp. 59, 61; *Padilla, supra,* 50 Cal.App.5th at pp. 253–254; *Hwang, supra,* 60 Cal.App.5th at pp. 366–367; *Lopez, supra,* 56 Cal.App.5th at p. 845.)

14

The Attorney General contends that Proposition 57 does not apply to reopened judgments.  In support, he asserts that "[i]ndicia of legislative and electoral intent do not support extending the *Estrada* presumption" of retroactivity to reopened judgments.  But the Supreme Court in *Lara* rejected this very argument.  (See *Lara, supra*, 4 Cal.5th at pp. 303–304 ["[a]s nothing in Proposition 57's text or ballot materials rebuts [the inference of retroactivity under *Estrada*], we conclude this part of Proposition 57 applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted"].)

The Attorney General further asserts that the ameliorative provisions in Proposition 57 are an "especially poor fit" for retroactive application in cases like appellant's.  In his view, the passage of time makes a retroactive hearing regarding appellant's fitness to be tried as a juvenile challenging.  We do not agree that a retroactive transfer hearing would impose an undue burden on the parties or the juvenile court.

A transfer hearing under Welfare and Institutions Code section 707 entails the submission of evidence on the appropriateness of trying a juvenile defendant in adult court.  The factors the juvenile court must consider include (a) the degree of sophistication the juvenile exhibited; (b) whether the juvenile can be rehabilitated prior to the expiration of the juvenile court's jurisdiction; (c) previous delinquent history; (d) any success of prior attempts by the juvenile court to rehabilitate the juvenile; and (e) the circumstances and gravity of the offense(s) the juvenile was found to have committed.  (Welf. & Inst. Code, § 707, subd. (a)(3).)  The second factor, while not dispositive, will many times favor

15

placing the juvenile defendant in adult court, as the juvenile court's jurisdiction expires when an offender reaches age 25 at the latest, as is the case here. (See *id.*, § 607, subds. (a)-(d); *K.C. v. Superior Court* (2018) 24 Cal.App.5th 1001, 1011.) The remaining factors listed can be readily ascertained through the juvenile court's own records, the record from appellant's trial, or mitigating evidence that is frequently gathered for youth offender parole hearings. (See *People v. Franklin* (2016) 63 Cal.4th 261, 283–284; *In re Cook* (2019) 7 Cal.5th 439, 459].)

Finally, the Attorney General requests that we follow *People v. Federico* (2020) 50 Cal.App.5th 318 (*Federico*), review granted, August 26, 2020, S263082. In that case, the court held that the ameliorative benefits of Proposition 57 did not apply to the defendant's sentence, imposed in 2008, despite the fact that his sentence was recalled and resentenced in 2019 under section 1170, subdivision (d)(1). (*Id.* at pp. 322–325.) In reaching its conclusion, the court rejected the argument that the defendant's resentencing hearing reopened the judgment for purposes of retroactivity. (*Id.* at p. 326.)

We note that the same court that decided *Federico* has since changed its view. (*People v. Montes* (2021) 70 Cal.App.5th 35, 47; see *ibid.* ["we now conclude a resentencing under section 1170, subdivision (d), results in a new sentence—the judgment is no longer final—which entitles the defendant to the ameliorative benefits of Proposition 57"].)[8]

---

[8]    The Supreme Court has granted review in *Federico* to determine whether the "defendant's resentencing pursuant to . . . section 1170, subdivision (d)(1) 'reopen[ed]' the finality of his sentence, such that he was

16

In any event, consistent with our prior decisions on this issue and the weight of authority subsequent to *Federico*, we conclude that an order vacating a sentence and remanding for resentencing reopens the judgment for purposes of applying Proposition 57. Appellant is therefore entitled to a transfer hearing consistent with Welfare and Institutions Code section 707, subdivision (a)(3).

## DISPOSITION

The judgment is conditionally reversed, and the sentence is vacated. We direct a limited remand to the juvenile court to conduct a transfer hearing in which the court shall treat the matter as though the prosecution had originally filed a juvenile petition in the juvenile court and had then moved to transfer appellant's cause to a court of criminal jurisdiction. If, after conducting the transfer hearing, the court determines that appellant is not a fit and proper subject to be dealt with under the juvenile court law, then his convictions are to be reinstated. If, however, the juvenile court finds that it would not have transferred appellant to be tried as an adult, it shall treat his convictions as juvenile adjudications and impose an appropriate disposition within its discretion.

If the juvenile court determines it would have transferred appellant to a court of criminal jurisdiction, it shall transfer the case to criminal court, which shall then resentence appellant to a term of

entitled to the retroactive application of Proposition 57 and Senate Bill No. 1391 on an otherwise long-final conviction?"

17

punishment no greater than what it had previously imposed. (See *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206; *Buycks, supra,* 5 Cal.5th at p. 893; *People v. Hill* (1986) 185 Cal.App.3d 831, 834; § 1170, subd. (d)(1).) In the event the criminal court resentences appellant, it is directed to impose a determinate sentence on count 2 (carjacking), the count carrying the highest sentence, which shall constitute the principal term of imprisonment. (§ 1170.1, subd. (a).) It shall then select from the triad of possible sentence enhancements pursuant to section 186.22, subdivision (b)(1)(A). The court shall not impose an indeterminate term of imprisonment pursuant to subdivision (b)(4)(B) of section 186.22, and shall not increase appellant's determinate sentence pursuant to subdivision (b)(1)(C) of section 186.22. Consistent with Senate Bill No. 620, the court shall then exercise its discretion whether to impose or strike the firearm enhancement (§ 12022.53, subd. (b)).

The court shall thereafter impose sentences on the subordinate terms on counts 3 and 4. In doing so, the court shall impose one-third the middle-term, and shall again determine whether to impose or strike the firearm enhancement (§ 12022.53, subd. (b)), pursuant to Senate Bill No. 620. Finally, the court shall impose sentence on count 5 (assault). Following imposition of sentence, the court shall order a

//

//

//

//

18

corrected determinate abstract of judgment, which shall then be forwarded to the CDCR.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.

19