Filed 2/17/22  P. v. Questo CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KASEY ALLEN QUESTO,<br><br>    Defendant and Appellant. | F078291<br><br>(Super. Ct. No. CRF55819)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

A jury convicted Kasey Allen Questo (defendant) of attempted carjacking and attempted grand theft in Tuolumne County case No. CRF55819 ("Jury Case").  The jury

also found true special allegations that (1) defendant suffered a prior prison conviction pursuant to Penal Code section 667.5, former subdivision (b); and (2) defendant committed the offenses while released from custody on bail pursuant to section 12022.1. (Undesignated statutory references are to the Penal Code.)

Defendant had four other felony cases pending against him when the jury returned its verdict. Prior to sentencing, the parties agreed to a negotiated disposition of defendant's cases in exchange for his guilty pleas on certain charges in the pending matters. The prosecution informed the court of the negotiated disposition and stated defendant would receive a total indeterminate term of 25 years to life plus a determinate sentence of 11 years that included a three-year eight-month determinate sentence arising from the Jury Case.

At sentencing, the trial court did not impose sentences on the two enhancements found true in the Jury Case and only pronounced an eight-month determinate sentence in that case. The trial court pronounced sentences on each of defendant's charges in the four other felony cases that totaled seven years four months. Thus, the announced determinate term totaled only eight years. However, after reciting sentences on each individual charge, the trial court stated defendant's total determinate sentence was 11 years. The abstract of judgment also omits both enhancements, but lists a total determinate term of 11 years. Additionally, the trial court imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b) in the Jury Case.

Defendant raises three issues on appeal. First, he argues the trial court's failure to sentence him on the enhancements means his determinate sentence must be reduced by three years. He asks us to correct the abstract of judgment to reflect a determinate term of eight years. Second, defendant claims his sentence can no longer include a prior prison term enhancement pursuant to section 667.5, former subdivision (b) because of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). Finally, he asks us to vacate the imposed restitution fine until the court determines his ability to pay.

We requested supplemental briefing on the effect, if any, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) has on the issues raised in this appeal, including whether defendant is entitled to a resentencing hearing.

We remand for further proceedings consistent with this opinion. In all other respects, we affirm the judgment.

## FACTUAL BACKGROUND

### *A Jury Convicts Defendant in CRF55819*

On March 1, 2018, Tuolumne County Sheriff deputies responded to reports of a suspicious truck hooked up to a trailer belonging to Daniel Newberry on Newberry's property. As they approached, one deputy observed defendant seated in the driver's side of the truck. Defendant jumped out of the truck and began running. A chase ensued during which defendant flagged down a white Jeep and sat down in the passenger seat. Defendant informed the Jeep's driver he had a gun and told him "we gotta go." Defendant placed his finger to the driver's rib cage while the Jeep slowly coasted backwards. However, the deputies caught up to the Jeep and apprehended defendant.

The Tuolumne County District Attorney subsequently filed an information charging defendant with attempted carjacking (§§ 664, 215, subd. (a); count I), receiving stolen property (§ 496, subd. (a); count II), attempted grand theft (§§ 664, 487, subd. (a); count III), resisting arrest (§ 148, subd. (a)(1); count IV), and misdemeanor aggravated trespass (§ 602.5, subd. (d); count V). With respect to counts I through III, the information alleged defendant suffered two prior felony convictions pursuant to the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). The information also alleged two prior prison term enhancements pursuant to section 667.5, former subdivision (b). It alleged three on-bail enhancements pursuant to section 12022.1 (two of which were struck as improperly alleged).

The jury found defendant guilty on count I and counts III through V. With respect to count III (attempted grand theft), the jury found true one prior prison term enhancement and the on-bail enhancement.[1]

### *The Parties Reach a Global Negotiated Disposition on the Remaining Charges*

Defendant had four felony cases pending against him when the jury returned its verdict (Nos. CRF52445, CRF51816, CRF52963, CRF53013). At a postverdict hearing, the trial court met with counsel in chambers to discuss resolving defendant's cases.

At a subsequent hearing, the parties informed the court they had reached a negotiated disposition of defendant's outstanding criminal matters. With respect to the Jury Case, the prosecutor explained defendant agreed to a determinate term of three years eight months plus an indeterminate term of 25 years to life. On defendant's remaining cases, the parties announced the following:

- **CRF53013**—Defendant agreed to plead guilty to felony violation of count I (resisting arrest; § 148.10) and a felony violation of count II (reckless evading a peace officer; Veh. Code, § 2800.2) and admit to one strike. Defendant would receive a total consecutive determinate sentence of three years four months (one-third of the midterm on both counts I and II, doubled by operation of law).

- **CRF52963**—Defendant agreed to plead guilty to a felony violation of count II (reckless evading a peace officer) and admit to one strike. Defendant would receive a determinate sentence of one year four months (one-third the midterm, doubled by operation of law).

- **CRF52445**—Defendant agreed to plead guilty to a felony violation of count I (willful evasion of process of the court; § 1320) and admit to one strike.

---

[1]This special finding refers to "Count I" of the information. It also refers to defendant's charge for attempted grand theft pursuant to "Section 664/487," which is alleged in count III of the information. Despite its reference to count I, both parties agree the jury found true the on-bail enhancement with respect to count III.

Defendant would receive a consecutive determinate sentence of one year four months (one-third the midterm, doubled by operation of law).

- **CRF51816**—Defendant agreed to plead guilty to a felony violation of count II (identity theft; § 530.5) and admit to one strike. Defendant would receive a determinate term of one year four months (one-third the midterm, doubled by operation of law).

The prosecution ultimately informed the court that "in total, … he will serve a total of 11 years, plus 25 to life, in state prison."

The probation report recommended defendant serve a determinate term of 11 years plus an indeterminate term of 25 years to life "pursuant to plea negotiations." For count III in the Jury Case (attempted grand theft), the report recommended a base sentence of eight months, plus imposition of the two-year on-bail enhancement pursuant to section 12022.1 and the one-year prior prison term enhancement pursuant to section 667.5, former subdivision (b), for a total of three years eight months.

***The Trial Court Omits Pronouncing Judgment on the Two Enhancements at Sentencing***

At sentencing, the trial court announced its intention to sentence defendant "based on the disposition that everybody agreed to when the pleas were taken." It announced the following sentences:

- **CRF55819 (Jury Case)**—On count I (attempted carjacking), defendant received an indeterminate sentence of 25 years to life, to be served consecutive to defendant's determinate term. On count III (attempted grand theft), the court orally pronounced a sentence of eight months.[2] The court noted "the determinate term was specifically negotiated as part of the settlement in this case."

---

[2] Defendant also received a one-year concurrent sentence for a misdemeanor violation of section 148, subdivision (a)(1) (resisting arrest). He also received a one-year concurrent sentence for a misdemeanor violation of section 602.5 (trespass).

- **CRF53013**—Defendant received a sentence of two years on count I (one-third the midterm of one year, doubled pursuant to § 667, subds. (b)–(j)) "to be served consecutive to Count 3 in CRF55819 for a term of five years and eight months." Defendant received a sentence of 16 months on count II "to be served consecutive to the term in Count 1 for a[n] … aggregate term … of seven years."

- **CRF52963**—Defendant received a sentence of 16 months on count II "to be served consecutively to the term in Count 3 in CRF53013 for a term of eight years and four months."

- **CRF52445**—Defendant received a sentence of 16 months on count I "to be served consecutive to the term in Count 1 in CRF52963 for a term of nine years and eight months."

- **CRF51816**—Defendant received a sentence of 16 months on count II "to be served consecutively to Count 1 in CRF52445 for an aggregate term of eleven years."

The trial court did not announce a sentence concerning the two-year on-bail enhancement or the one-year prior prison term enhancement in the Jury Case. However, after reciting each individual sentence, the trial court stated "the determinate term of eleven years will be served first followed by the consecutive indeterminate term of 25 years to life."

The abstract of judgment for defendant's determinate sentence lists the six felonies with their respective sentences, which total eight years. However, the abstract of judgment also lists a "Total Time" of 11 years.

A postsentencing hearing occurred on October 3, 2018. At that hearing, the court acknowledged it failed to include the two enhancements with respect to count III in the Jury Case. The court further stated the need for the correction "[d]oes not change the sentence that the Court imposed, but merely corrects the record to reflect the two enhancements that Court failed to discuss at the time of sentencing." The court continued the matter to allow defendant to confer with counsel.

6.

At the continued hearing, the court informed defendant it considered modifying his sentence to impose a lesser term but expressed concern about its ability to do so because it arose from "a stipulated sentence and pursuant to a plea bargain." The trial court thereafter informed the defendant it could not modify his sentence because "[o]nce the Court accepted the negotiated settlement, the Court ha[d] no authority to go back on a negotiated plea, unless the People [were] in a position to agree to a change in the sentence."

Defendant timely filed his notice of appeal.

## DISCUSSION

### I. Defendant Is Not Entitled to Have the Abstract of Judgment Corrected to Reflect a Total Determinate Term of Eight Years

Defendant first seeks a three-year reduction in his aggregate determinate term. Relying on the trial court's omission with respect to the two enhancements at sentencing, he notes the court only pronounced a determinate sentence of eight months on count III in the Jury Case. On defendant's four other felony cases, the court pronounced a judgment totaling seven years four months. Consequently, he asks for the abstract of judgment to be corrected to reflect a determinate term of eight years.

The People note the trial court was required to impose the two-year on-bail enhancement. Therefore, the People claim the abstract should be amended to reflect a determinate term of 10 years (because they concede defendant's prior prison term enhancement should not now form a part of his sentence as discussed further, *post*).

We disagree with defendant's argument on this point.

Preliminarily, a line of California Supreme Court authority lends support to defendant's position. There is a general rule that the abstract of judgment should be corrected to reflect the oral pronouncement of judgment when the two conflict. (See, e.g., *People v. Mitchell* (2001) 26 Cal.4th 181.) *Mitchell* involved a clerical error because the abstract of judgment omitted various fines and penalties the trial court orally imposed

7.

at sentencing. (*Id.* at p. 184.) The court noted an abstract of judgment "does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*Id.* at p. 186.)

Moreover, the Supreme Court has also held that when a trial court fails to impose a sentence on a prior conviction, it may be construed as an "act of leniency." (E.g., *In re Candelario* (1970) 3 Cal.3d 702, 706 (*Candelario*); *People v. Mesa* (1975) 14 Cal.3d 466, 471 (*Mesa*).) For example, in *Candelario*, the court held the trial court's failure to make a specific finding related to the prior narcotics conviction was judicial error (not clerical error). (*Id.* at p. 705.) Consequently, it could not be corrected by amendment and used to enhance the defendant's sentence. (*Ibid.*) The court deemed the trial court's amended abstract of judgment containing the enhancement "ineffective for any purpose." (*Id.* at p. 708.) It explained: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, … it may be inferred that the omission was an act of leniency by the trial court." (*Id.* at p. 706.) Therefore, the court ordered the defendant's sentence be modified to conform to the original sentence that omitted the prior conviction. (*Candelario*, *supra*, 3 Cal.3d at p. 708.)

In *Mesa*, the trial court failed to mention two prior robbery convictions in its pronouncement of judgment. (*Mesa*, *supra*, 14 Cal.3d at p. 471.) The abstract of judgment included the two prior convictions. (*Ibid.*) The defendant asked the Court of Appeal to strike the priors from the abstract and the court agreed to do so. (*Ibid.*) Relying on *Candelario*, the court stated:

> "In pronouncing judgment, the trial judge must make it clear the defendant is sentenced as one whose prior conviction has been admitted or found true. The trial judge here having failed to make it clear that he intended to sentence defendant as a prior offender, the reference to two prior robbery convictions is stricken from the abstract of judgment." (*Mesa*, *supra*, 14 Cal.3d at p. 472.)

8.

On the other hand, the California Supreme Court has determined when a particular enhancement requires findings on the record in order to strike it, it cannot be construed as an "act of leniency" and instead results in an unauthorized sentence. (See, e.g., *People v. Mendez* (2019) 7 Cal.5th 680, 715–716 (*Mendez*); *People v. Hunt* (1977) 19 Cal.3d 888 (*Hunt*).) In *Mendez*, the Supreme Court declined to strike three enhancements the trial court failed to impose at sentencing. (*People v. Mendez*, *supra*, at p. 715.) Relevant here, one of the enhancements at issue—section 186.22, subdivision (b)—required a statement on the record explaining why the court declined to impose it. (*Ibid*., citing § 186.22, former subd. (b).) No explanation appeared on the record. (*Id*. at p. 716.) Therefore, the court characterized the sentence as "unauthorized and subject to judicial correction at any time." (*Ibid*.) Importantly, *Mendez* distinguished *Mesa* and *Candelario*, stating the following:

> "In both [*Mesa* and *Candelario*], we presumed that the trial court's silence about a prior conviction enhancement in its orally pronounced sentence indicated '"that the omission was an act of leniency by the trial court."' [Citation.] But again, unlike in *Mesa* and *Candelario*, the trial court in this case had no ability to perform by silence any acts of leniency with respect to the enhancements. So here, unlike in those cases, the trial court's oversight resulted in an unauthorized sentence subject to subsequent judicial correction." (*Mendez*, *supra*, 7 Cal.5th at p. 716.)

Finally, in *Hunt*, the defendant claimed the trial court effectively struck a firearm enhancement because it failed to impose it at sentencing. (*Hunt*, *supra*, 19 Cal.3d at pp. 891–892.)[3] The Supreme Court rejected this claim because the enhancement (§ 12022.5) required findings on the record pursuant to section 1385 in order to be struck. [4] (*Hunt*, at

---

[3]While it is unclear, the Supreme Court suggested the abstract of judgment reflected the trial court imposed the enhancement. (*Hunt*, *supra*, 19 Cal.3d at p. 896, fn. 8.)

[4]Section 1385, subdivision (a) states in relevant part: "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the

9.

p. 897.)  The court elaborated that "[r]equirement of a statement of reasons for dismissal pursuant to section 1385 is mandatory, … and in the absence of such statement 'the order may not be considered a dismissal under section 1385.'"  (*Ibid.*)  The court affirmed the trial court's judgment.  (*Ibid.*)

Therefore, we cannot agree with defendant because the trial court's omission of the two enhancements produced an unauthorized sentence as in *Mendez* and *Hunt*.  For example, the jury found true the two-year on-bail enhancement pursuant to section 12022.1.  Like *Hunt*, this enhancement requires the court to make findings on the record in accordance with section 1385 in order to strike it.  (*People v. Meloney* (2003) 30 Cal.4th 1145, 1156 [enhancement pursuant to § 12022.1 is "subject to a trial court's discretion to strike pursuant to section 1385"].)  No such explanation appears on the record.  The same was true of the one-year prior prison term enhancement pursuant to section 667.5, former subdivision (b) the jury found true  (though it now cannot be imposed as explained in pt. II, *post*).  (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken"]; see also *People v. Minifie* (2018) 22 Cal.App.5th 1256, 1265, fn. 18 ["A section 667.5, subdivision (b), prior prison term enhancement … may be stricken pursuant to section 1385, subdivision (a)"].)  Therefore, the trial court's omission cannot be construed as a deliberate "act of leniency" that warrants correcting the abstract in the manner defendant requests.

Instead, as in *Mendez*, the record clearly establishes the trial court meant to impose the enhancements.  (See *Mendez*, *supra*, 7 Cal.5th at p. 716 ["[T]o the contrary, by later endeavoring to impose this third set of enhancements, the trial court indicated it saw no

---

minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter."

reason for leniency"].)  At sentencing, the court declared its intention "to sentence [defendant] based on the disposition that everyone agreed to when the pleas were taken."[5] The court also acknowledged "the determinate term was specifically negotiated as part of the settlement in this case."  Moreover, while the trial court omitted reference to the two enhancements, it ultimately pronounced a total determinate term of 11 years in accordance with the agreed-upon disposition.

Furthermore, two weeks after sentencing, the trial court informed the parties it "failed to include the enhancements [but it] [d]oes not change the sentence … imposed, but merely corrects the record to reflect the two enhancements [the] Court failed to discuss at the time of sentencing."[6]

Thus, we conclude the failure to impose both enhancements at sentencing resulted in an unauthorized sentence.  Normally, this is subject to correction at any time when brought to the attention of the court (including an appellate forum).  (*Mendez*, *supra*, 7

---

[5]Once the trial court expressed its intention to sentence defendant based on the negotiated disposition,  it could not strike either of the enhancements pursuant to section 1385.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 700 ["Even when applicable, section 1385 ordinarily does not authorize a trial court to exercise its discretion to strike in contravention of a plea bargain"]; see also *People v. Segura* (2008) 44 Cal.4th 921, 932 ["'Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of the plea bargain so that it becomes more favorable to a defendant, unless, of course, the parties agree"'"].)  The trial court recognized it could not alter the terms of the agreed-upon disposition "[o]nce the Court accepted the negotiated settlement …."

[6]In *Mendez*, the trial court imposed the enhancements "off the record … that was not part of the judgment it pronounced orally" and so it appears the court considered the enhancements imposed for purposes of its review.  (*Mendez*, *supra*, 7 Cal.5th at p. 716.)

Here, the trial court acknowledged it neglected to impose the enhancements and needed to correct it.  However, the record does not reflect the trial court ultimately did this.  Instead, a minute order indicates the trial court acknowledged it "missed two enhancements … but its intention is to continue this matter for further consideration of resentencing .…"  Moreover, neither party contends the trial court imposed the enhancements.

Therefore, this case differs from *Mendez* because, on this record, we cannot simply affirm the trial court's postsentencing correction imposing the enhancements pursuant to the stipulated sentence.

11.

Cal.5th at p. 716, citing *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.) Alternatively, we could remand the matter to the trial court to impose the proper sentence. (See 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Judgment, § 162, p. 204 ["If a judgment of conviction is proper but the sentence is unauthorized, the conviction should be affirmed, but the case remanded for proper sentencing"]; see also *People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1589 ["When an illegal sentence 'is discovered while defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence].)

As discussed below, defendant is entitled to relief because his stipulated sentence included a now invalid prior prison term enhancement. Therefore, we will leave it to the trial court to impose the on-bail enhancement rather than exercise our authority to correct the unauthorized sentence on appeal.

## II. Defendant's Sentence Cannot Include a Prior Prison Term Enhancement, and Resentencing Is Appropriate

The next issue concerns the prior prison term enhancement pursuant to section 667.5, former subdivision (b) and the appropriate remedy. Both parties agree the trial court inadvertently failed to impose this enhancement. Both parties agree the trial court's omission should not be corrected now because defendant is entitled to the benefit of Senate Bill 136, which declares legally invalid prior prison term enhancements unless certain conditions, not present here, apply.

The parties disagree on the remedy. In his opening brief, defendant claims he is entitled to the benefit of Senate Bill 136 without consequence to the plea bargain. However, he also asks for resentencing in his brief and on reply. The People claim a remand for resentencing is not necessary because the sentence arose from a plea agreement.

In supplemental letter briefing, the People reiterate "the one-year prior prison term enhancement found true by the jury should not be imposed, or should be stricken if

12.

imposed." The People further argue defendant does not fall within the scope of Senate Bill 483's addition of section 1171.1 because the prior prison term enhancement was not imposed. By contrast, defendant asks that we vacate his sentence and remand the matter for resentencing pursuant to Senate Bill 483.

To start with, in Senate Bill 136 (enacted Oct. 8, 2019), the Legislature amended section 667.5 of the Penal Code to apply a one-year enhancement only if "'a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (d).'" (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772.) Pursuant to the rule of *In re Estrada* (1965) 63 Cal.2d 740,[7] Senate Bill 136 "applies retroactively to all cases not yet final as of its January 1, 2020 effective date." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [citing *In re Estrada*, *supra*, 63 Cal.3d 740].)

Defendant is entitled to the benefit of Senate Bill 136. His prior prison conviction is one for burglary (§ 459). It is not a "sexually violent offense" within the meaning of Welfare and Institutions Code section 6600, subdivision (d). The judgment is not yet final because defendant's case is presently before us. (*People v. Jennings*, *supra*, 42 Cal.App.5th at p. 682.) Therefore, his sentence cannot include a prior prison enhancement pursuant to section 667.5, former subdivision (b). Again, both parties agree this is the correct result.

Next, Senate Bill 483 became effective January 1, 2022. (Stats. 2021, ch. 728). In Senate Bill 483, the Legislature declared its intent "to retroactively apply … [Senate Bill 136] to all persons currently serving a term of incarceration in jail or prison for [the section 667.5, former subdivision (b) enhancement]." (Stats. 2021, ch. 728, § 1.) The bill adds section 1171.1, subdivision (a) to the Penal Code and states "[a]ny sentence

---

[7]Under *Estrada*, a presumption exists that "statutory amendments that reduce the punishment for a crime … apply retroactively in cases where the judgment is not final on the statute's operative date." (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1152.)

13.

enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5 [except for sexually violent offenses] is legally invalid." (Stats. 2021, ch. 728, § 3.) It further calls for resentencing for a defendant whose sentence includes the now legally invalid enhancement. (*Ibid*.) Furthermore, resentencing cannot result in a longer sentence than the one originally imposed. (*Ibid*.) The parties may waive a resentencing hearing. (*Ibid*.)

On this point, we agree with the People that Senate Bill 483 does not apply to the instant matter. Section 1171.1, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5 … is legally invalid." The parties do not dispute the trial court (inadvertently) did not impose a sentence on the prior prison enhancement the jury found true. Therefore, defendant's sentence does not fall within the plain language of the statute.

Thus, we are faced with an appeal from a stipulated sentence that should have included a prison prior enhancement. Senate Bill 136 now prohibits that portion of the sentence. Moreover, had the trial court imposed the enhancement, defendant would fall within the scope of Senate Bill 483 (as the People concede).

In light of this anomaly, we conclude the most appropriate course is to remand the matter for resentencing with directions that the trial court (1) impose the on-bail enhancement under section 12022.1, (2) impose and then strike the prior prison term enhancement pursuant to Senate Bill 136, (3) prepare an amended abstract of judgment correctly reflecting the new sentence, and (4) as explained in part III, *post*, consider a request by defendant to reduce his restitution fine if made. Although the new sentence will differ from the negotiated agreement for an 11-year determinate term, both parties agree defendant is entitled to a one-year downward adjustment to the determinate sentence.

## III.  Defendant's *Dueñas* Challenge is Moot

Defendant's final issue concerns the $10,000 restitution fine the trial court imposed at sentencing in the Jury Case (No. CRF55819) pursuant to section 1202.4, subdivision (b).  The trial court imposed this fine without determining his ability to pay.  Defendant claims this violated his right to due process and cites to the Second District Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  He further asserts, if the issue is deemed forfeited, his counsel was ineffective in failing to object.

In *Dueñas*, despite the defendant's undisputed evidence of an inability to pay, the trial court imposed a restitution fine equal to the statutory minimum pursuant to section 1202.4, subdivision (c) and two assessments because they were mandatory regardless of an inability to pay.  (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1163.)  The Court of Appeal determined due process of law required the trial court to conduct an ability-to-pay hearing prior to imposing court facility and operations assessments.  (*Id*. at p. 1164.)  It also concluded due process required the trial court to stay execution of the restitution fine until the People demonstrated the defendant had the ability to pay the restitution fine notwithstanding the language of section 1202.4.  (*Dueñas*, at p. 1172.)  It remanded the matter to the trial court with directions to stay execution of the restitution fine until the People proved the defendant had the "present ability to pay it."  (*Id*. at p. 1173.)

This case differs from *Dueñas* because the trial court imposed the maximum restitution fine allowed for felony convictions—$10,000.  (§ 1202.4, subd. (b).)  By statute, defendant was entitled to have the court consider his inability to pay the fine at sentencing.  (§ 1202.4, subd. (c) ["Inability to pay may be considered … in increasing the amount of the restitution fine in excess of the minimum fine"].)  Defendant elected not to do so by failing to raise the issue below.  (§ 1202.4, subd. (d) ["A defendant shall bear the burden of demonstrating the defendant's inability to pay"].)  Notwithstanding *Dueñas*, several Court of Appeal decisions (including from this district) have held the failure to

15.

raise an inability to pay challenge at the trial court when the remedy was statutorily available forfeits the claim on appeal. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073 [holding defendant forfeited ability to pay challenge to restitution fines above statutory minimum because he failed to raise it in the trial court]; *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1053 [defendants forfeited *Dueñas* claim on appeal where trial court imposed restitution fines above the minimum amount and defendants failed to object]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 [defendant forfeited challenge to maximum restitution fine when he did not object at sentencing]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [same].) Ordinarily, defendant's claim would be deemed forfeited.

However, we have also deemed a *Dueñas* challenge moot when we otherwise remanded the case. (See, e.g., *People v. Montoya* (2021) 68 Cal.App.5th 980, 983 ["[B]ecause the case will be remanded for modification of the length of defendant's probation term, defendant's *Dueñas* challenge is moot].) The same dynamic is apparent here because we conclude defendant is entitled to resentencing. We see no reason to preclude defendant from raising an ability to pay challenge on remand. If defendant raises such a challenge, he must comply with section 1202.4 as it presently stands and meet his burden of proof.[8] By extension, we need not address defendant's ineffective assistance of counsel argument as that issue is also moot.

## DISPOSITION

The matter is remanded with directions to the trial court to impose the on-bail enhancement under section 12022.1, impose and strike the one-year section 667.5, former subdivision (b) enhancement, and consider a request by defendant to reduce the

---

[8]Both parties note the Supreme Court is presently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

16.

restitution fine, if made. The trial court shall thereafter prepare an amended abstract of judgment reflecting the new sentence and forward a certified copy to the Department of Corrections and Rehabilitation.

PEÑA, J.

WE CONCUR:

FRANSON, Acting P. J.

DE SANTOS, J.

17.