Filed 2/28/22  P. v. Paniagua CA2/7
Opinion following rehearing
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B313479 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA081995) |
| v. | |
| ARIEL BAKER PANIAGUA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas S. Rubinson, Judge.  Remanded with directions.

David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Ariel Baker Paniagua on one count of murder, three counts of attempted murder, two counts of shooting at an occupied motor vehicle, and one count of possession of a firearm by a felon. The jury also found true firearm allegations in connection with each of the offenses and, with one exception, gang allegations. The trial court sentenced Paniagua to a prison term of 268 years four months to life.

Paniagua appealed. He argued, among other things, his sentence on one of his two convictions for shooting at an occupied motor vehicle incorrectly reflected a true finding on a gang allegation. Paniagua also argued the trial court should have an opportunity to exercise its discretion whether to strike his prior serious felony conviction under Penal Code section 667, subdivision (a).[1] We affirmed the judgment in most respects and directed the trial court to correct several sentencing and other errors, to exercise its discretion whether to strike the five-year enhancement under section 667, subdivision (a), and to consider the effect, if any, of Senate Bill No. 136 on a prior prison term enhancement under section 667.5, subdivision (b). (*People v. Paniagua* (Nov. 4, 2019, B289253) [nonpub. opn.] (*Paniagua I*).) On remand the trial court corrected the errors we discussed in *Paniagua I*, declined to exercise its discretion to strike the five-year enhancement under section 667, subdivision (a), and struck the prior prison term enhancement under section 667.5, subdivision (b).

---

[1] Undesignated statutory references are to the Penal Code.

Paniagua appealed again.  He contended, and the People conceded, the trial court committed two additional sentencing errors on Paniagua's conviction for shooting at an occupied motor vehicle.  First, the trial court erred in imposing firearm enhancements under section 12022.53, subdivisions (b) and (c), because those enhancements do not apply to a conviction for shooting at an occupied motor vehicle.  Second, the trial court erred in imposing a firearm enhancement under section 12022.5, subdivision (a), because that enhancement does not apply where, as here, use of a firearm is an element of the offense.  We accepted the People's concession, and on January 12, 2022 we filed our original opinion in this case.  We modified the judgment to strike the firearm enhancements on count 7 and affirmed the judgment as modified.

On January 25, 2022 Paniagua filed a petition for rehearing, arguing several new sentencing laws that went into effect on January 1, 2022 applied to him: (1) Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170 to (among other things) limit the trial court's discretion to impose the upper term of imprisonment and to require the court in certain circumstances to impose the lower term of imprisonment (Stats. 2021, ch. 731, § 1.3); (2) Assembly Bill No. 518 (2021-2022 Reg. Sess.), which amended section 654 to no longer require the court to impose a sentence based on the longest possible term where an act or omission is punishable in different ways by different provisions of the law (Stats. 2021, ch. 441, § 1); and (3) Senate Bill No. 81 (Stats. 2021, ch. 721, § 1), which added section 1385, subdivision (c), to require the court to dismiss an enhancement in certain circumstances "if it is in the furtherance of justice to do so."  We granted the petition and now conclude the

3

new laws apply to Paniagua.  Therefore, we direct the trial court to strike the enhancements under sections 12022.53, subdivisions (b) and (c), and 12022.5, subdivision (a) (as we had done in our original opinion) and to resentence Paniagua in accordance with the new sentencing laws.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *A Jury Convicts Paniagua of Multiple Crimes, Paniagua Appeals, and We Reverse In Part*

In October 2015 Paniagua went on a shooting spree.  In one shooting, Paniagua fired a gun into a car with three people in it.  One of the bullets hit a car parked down the street and killed someone in it.  In another shooting, Paniagua fired a gun into another occupied car.  (*Paniagua I*, *supra*, B289253.)

In connection with the first shooting, the People charged Paniagua with murder (§ 187, subd. (a), count 1), attempted, willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, counts 2 through 4), and shooting at an occupied motor vehicle (§ 246, count 5).  In connection with the second shooting, the People charged Paniagua with shooting at an occupied motor vehicle (§ 246, count 7) and possession of a firearm by a felon (§ 29800, subd. (a)(1), count 9).  The People alleged that Paniagua committed all of the offenses for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1); that in committing the offenses related to the first shooting he personally and intentionally discharged a firearm causing great bodily injury or death, within the meaning

4

of section 12022.53, subdivision (d); and that in committing the offense related to the second shooting (count 7) he personally and intentionally discharged a firearm, within the meaning of section 12022.53, subdivision (c), and personally used a firearm, within the meaning of section 12022.5, subdivision (a), and section 12022.53, subdivision (b). The jury found Paniagua guilty on all counts and found true all the allegations except the gang allegation related to count 7. Paniagua admitted that he had been convicted of a prior serious or violent felony within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), that the felony was a serious felony within the meaning of section 667, subdivision (a), and that he had served a prior prison term, within the meaning of section 667.5, subdivision (b).

In March 2018 the trial court sentenced Paniagua to prison for 268 years four months to life and imposed and stayed execution of additional terms. On the conviction for the second shooting at an occupied motor vehicle, count 7, the court sentenced Paniagua to three years four months (one-third the middle term of five years, doubled under the three strikes law), plus 20 years for the firearm enhancement under section 12022.53, subdivision (c), plus five years for the prior serious felony conviction under section 667, subdivision (a). The court stated that section 186.22, subdivision (b)(4)(B), "mandates a sentence of life, with a minimum term of that indeterminate sentence being 15 years."[2] Finally, the court imposed and stayed

---

[2]     As discussed, the court erroneously imposed this term because the jury found the gang allegation related to count 7 not true.

a 10-year term under section 12022.53, subdivision (b), and the upper term of 10 years under section 12022.5, subdivision (a).[3]

Paniagua appealed. He argued that, on his conviction for shooting at an occupied motor vehicle in count 7, the trial court erred in imposing the gang enhancement[4] and that the minute order erroneously reflected a true finding on the gang allegation for that count. Paniagua also asked us to remand the matter for the trial court to exercise its discretion whether to strike the prior serious felony conviction under section 667, subdivision (a). We agreed that the sentence imposed on count 7 for the gang allegation was unauthorized and that the minute order incorrectly reflected a true finding on the gang allegation for that count. We directed the trial court to correct this and other errors, to exercise its discretion whether to strike the prior serious felony conviction under section 667, subdivision (a), and to consider the

---

[3]     The court cited the seriousness of Paniagua's crimes, stating: "The circumstances of the present case are so extreme and demonstrate a lawlessness from Mr. Paniagua and such a commitment to his gang and the gang lifestyle and put the community—killing an absolutely—I mean, everybody involved in the case was innocent, but the person who was killed was just a regular guy, going to his car, and because of Mr. Paniagua's gang commitment and his willingness to spray bullets through the air of our community and let the chips fall where they may, an innocent man is dead for no reason."

[4]     Technically, section 186.22, subdivision (b)(4)(B), "is not an enhancement, but rather an 'alternative penalty provision,' meaning it sets forth an alternative penalty for the underlying offense if the jury finds the conditions specified in the provision have been satisfied." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1011, fn. 8; see *People v. Jones* (2009) 47 Cal.4th 566, 576.)

effect, if any, of Senate Bill No. 136 on the enhancement under section 667.5, subdivision (b).[5]  (*Paniagua I, supra*, B289253.)

B.      *The Trial Court Resentences Paniagua*

The trial court resentenced Paniagua in June 2021.  As relevant to this appeal, the court acknowledged the sentencing error on count 7 and stated, "There's no sentence whatsoever on [the] gang allegation."  The court also struck the portions of the minute order that stated the jury had found the gang allegation true and that the court had imposed a term of 15 years to life for the true finding.  The court also struck the one-year enhancement because section 667.5, subdivision (b), as amended by Senate Bill No. 136, no longer applied to Paniagua's prior prison term. Finally, the court acknowledged it had discretion to strike the prior serious felony allegation but declined to do so, stating that Paniagua's "record is obviously quite serious, and the crimes in this case couldn't be much more serious, and there were multiple

_____

[5]      At the time the trial court sentenced Paniagua in 2018, section 667.5, subdivision (b), required the court to impose a one-year enhancement for each true finding "the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Senate Bill No. 136, effective January 1, 2020, amended section 667.5, subdivision (b), by limiting the applicability of the one-year prior prison term enhancement to defendants who served a prior prison sentence for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1; see *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1092, review granted Feb. 17, 2021, S266521; *People v. Shaw* (2020) 56 Cal.App.5th 582, 588.)

crimes for days, shooting guns on the streets of Los Angeles in broad daylight."

C.  *Paniagua Appeals Again, We Modify the Judgment, and Paniagua Petitions for Rehearing*

In this appeal, Paniagua contends the trial court erred in imposing the firearm enhancements on count 7.  The People concede, and we agree, the court erred.  In our original opinion, instead of remanding the matter for the trial court to resentence Paniagua, as Paniagua had requested, we modified the judgment.  We concluded that the court essentially imposed the maximum possible sentence and that, given the court's comments at both the sentencing and resentencing hearings, there was no realistic possibility the court would impose a lower sentence.

Paniagua filed a petition for rehearing.  He argued he is entitled to resentencing under Senate Bill No. 567, which amended section 1170; Assembly Bill No. 518, which amended section 654; and Senate Bill No. 81, which amended section 1385.  He asked us to direct the trial court to resentence him under these new sentencing laws.  After the People filed an answer, we granted the petition for rehearing and vacated our prior opinion.

## DISCUSSION

A.  *The Trial Court Erred in Imposing the Firearm Enhancements on Count 7*

The trial court erred in imposing the firearm enhancement under section 12022.53, subdivision (c), on count 7.  Section 12022.53, subdivisions (b)-(d), provide for enhancements where the defendant uses or personally and intentionally discharges a

8

firearm in committing certain felonies. Section 12022.53, subdivision (a), lists most of those felonies. (See *People v. Anderson* (2020) 9 Cal.5th 946, 950-951 [section 12022.53 "'imposes sentence enhancements for firearm use applicable to certain enumerated felonies,'" where the "'enhancements vary in length, corresponding to various uses of a firearm'"]; *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395 [section 12022.53 applies "to an enumerated list of felony offenses"].) As discussed, the jury found true the allegation Paniagua personally and intentionally discharged a firearm in the commission of shooting at an occupied motor vehicle, in violation of section 246, and the trial court imposed a 20-year enhancement under section 12022.53, subdivision (c). Section 246, however, is not one of the felonies listed in section 12022.53, subdivision (a). Section 246 is listed in section 12022.53, subdivision (d), but the enhancement only applies under that subdivision where the defendant personally and intentionally discharges a firearm and proximately causes great bodily injury or death. That did not occur in connection with count 7; the shots Paniagua fired into the second vehicle did not hit anyone.

Section 12022.53, subdivision (a)(17), provides the firearm use enhancement also applies to any felony "punishable by death or imprisonment in the state prison for life." As discussed, the trial court initially imposed a sentence of 15 years to life for a true finding on the gang allegation for count 7. (See *People v. Brookfield* (2009) 47 Cal.4th 583, 591 ["Because the felony that defendant committed (shooting at an inhabited dwelling) was punishable by a life term under section 186.22(b)(4) (because it was committed to benefit a criminal street gang), he committed a 'felony punishable by . . . imprisonment in the state prison for life'

9

within the meaning of subdivision (a)(17) of section 12022.53."].) But that was a mistake: The jury actually found that gang allegation not true, and at resentencing the court struck that term. Therefore, the sentence on count 7 was no longer a life sentence, and the trial court erred in imposing the firearm enhancement under section 12022.53, subdivision (c). For the same reason, the court erred in imposing and staying execution of the firearm enhancement under section 12022.53, subdivision (b). (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130 ["section 12022.53 requires that, after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed"].)

The firearm enhancement under section 12022.5, subdivision (a), also does not apply to Paniagua's conviction for shooting at an occupied motor vehicle. Section 12022.5, subdivision (a), provides that any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional term of imprisonment, "unless use of a firearm is an element of that offense." Firearm use is an element of the offense of shooting at an occupied motor vehicle. (See § 246 ["[a]ny person who shall maliciously and willfully discharge a firearm at an . . . occupied motor vehicle . . . is guilty of a felony"]; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1526-1527 ["firearm use is a necessary element of the offense of discharging a firearm at an occupied motor vehicle"].) Therefore, section 12022.5, subdivision (a), does not apply to count 7. (See *People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2 [section 12022.5,

10

subdivision (a), does not apply to the crime of discharging a firearm at an occupied motor vehicle because firearm use is an element of the underlying offense].)

B.    *Remand Is Necessary*

Paniagua argues in his petition for rehearing Senate Bill No. 567, Assembly Bill No. 518, and Senate Bill No. 81, all of which went into effect while his appeal was pending, apply to him.  Paniagua asserts that, under these new laws, the court could impose the lower term of imprisonment on counts 5, 7, and 9, that the court could choose to stay execution of the sentence imposed on a count with the longest potential term of imprisonment, and that the court could exercise its discretion to strike one of the enhancements.  The People argue that Paniagua forfeited this argument, but concede that, if he did not, he is entitled to the benefit of the new sentencing laws.

Paniagua did not forfeit his argument.  The People contend Paniagua should have argued he was entitled to the benefit of the new sentencing laws prior to January 6, 2022, when we submitted the matter, either by raising the issue in his opening brief (filed October 12, 2021) or reply brief (filed November 8, 2021), or by asking for leave to file a supplemental brief.  The People argue that, because the Governor signed Assembly Bill No. 518 on October 1, 2021 and Senate Bill Nos. 81 and 567 on October 8, 2021, Paniagua "had constructive notice of Assembly Bill 518 and Senate Bills 81 and 567 . . . before he filed his Opening and Reply Briefs."  We do not agree with the People such legislative clairvoyance is required to avoid forfeiture.  Even the most diligent attendees of continuing legal education programs are entitled to a little time to learn and digest new laws

11

enacted by the Legislature. Paniagua's modest delay in bringing his petition for rehearing, filed within a few weeks of the new statutes' effective date, did not forfeit his argument he is entitled to their benefit. Paniagua is entitled to the benefit of the new sentencing laws.

1.  *Applicable Law*

"When new legislation reduces the punishment for an offense, we presume that the legislation applies to all cases not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 673; see *People v. Gentile* (2020) 10 Cal.5th 830, 852; *In re Estrada* (1965) 63 Cal.2d 740, 745.) "'The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308; see *People v. Frahs* (2020) 9 Cal.5th 618, 628 ["If there is no express savings clause, the statute must demonstrate contrary indications of legislative intent "'with sufficient clarity'" in order to rebut the *Estrada* rule."]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [same].) "'[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme

Court has passed.'" (*People v. Vieira* (2005) 35 Cal.4th 264, 306; accord, *Flores*, at p. 1039.)

### 2. *Senate Bill No. 567, Assembly Bill No. 518, and Senate Bill No. 81 Apply to Paniagua*

Senate Bill No. 567 amended section 1170, subdivision (b), "by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist." (*People v. Flores*, *supra*, 73 Cal.App.5th at p. 1038, fn. omitted; see § 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) Senate Bill No. 567 also added a provision that requires the court to impose the lower term of imprisonment if any of certain facts in the defendant's background "was a contributing factor in the commission of the offense,"[6] "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6), added by Stats. 2021, ch. 731, § 1.3; see *Flores*, at pp. 1038-1039.) Because new section 1170, subdivision (b), may lessen Paniagua's punishment, it is an ameliorative change in the law that applies to his nonfinal convictions. (See *Flores*, at p. 1039 [section 1170, subdivision (b), applies to all nonfinal convictions on appeal]; see also *People v. Stamps* (2020) 9 Cal.5th 685, 699 [statute that gives trial courts discretion to strike a prior serious felony

---

[6] The circumstances requiring the court to impose the lower term of imprisonment include that the person "has experienced psychological, physical, or childhood trauma" and that the person "is a youth, or was a youth [i.e., under 26 years of age] at the time of the commission of the offense." (§ 1170, subd. (b)(6); see § 1016.7.)

13

enhancement under section 667, subdivision (a), applies retroactively]; *People v. Superior Court (Lara), supra*, 4 Cal.5th at p. 303 [voter initiative that requires the juvenile court to have a transfer hearing before a juvenile defendant can be tried and sentenced as an adult applies retroactively].)

Assembly Bill No. 518 amended section 654, subdivision (a), to provide: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1.) Previously, under section 654 "the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term. [Citation.] . . . [S]ection 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) Because Assembly Bill No. 518, like Senate Bill No. 567, may result in a shorter term of imprisonment, it too applies retroactively to Paniagua's nonfinal convictions. (See *ibid.* ["defendant is entitled to [the] ameliorative benefit" of Assembly Bill No. 518]; see also *People v. Stamps*, *supra*, 9 Cal.5th at p. 699; *People v. Superior Court (Lara), supra*, 4 Cal.5th at p. 303.) Remand is therefore necessary for the court to resentence Paniagua under amended sections 1170, subdivision (b), and 654. (See *Mani*, at p. 381; *People v. Flores*, *supra*, 73 Cal.App.5th at p. 1039.) And in light of the "'changed circumstances,'" a "'full resentencing as to all counts is appropriate.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893;

14

see *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; *People v. Choi* (2021) 59 Cal.App.5th 753, 770 ["In the absence of the two 1-year prior prison term enhancements, the court may reevaluate its sentencing decisions in light of the changed circumstances."].)

At resentencing, Paniagua will also be entitled to the benefit of Senate Bill No. 81, which amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (Feb. 1, 2022, B309003) ___ Cal.App.5th ___, ___ [2022 WL 292614, p. 8]; see Stats. 2021, ch. 721, § 1.) New section 1385, subdivision (c), provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."[7] Senate Bill No. 81 does state section 1385, subdivision (c), shall apply to

---

[7] The mitigating circumstances include that multiple enhancements "are alleged in a single case," that the application of an enhancement "could result in a sentence of over 20 years," and that the current offense "is connected to prior victimization or childhood trauma." (§ 1385, subd. (c)(3).)

"sentencings occurring after the effective date of the act that added this subdivision." (See § 1385, subd. (c)(7).) But because Paniagua will be resentenced, new section 1385, subdivision (c), will apply to that sentencing proceeding. (See *Sek*, at p. ___ [p. 8] [Senate Bill No. 81 applies to resentencing proceedings after its effective date].)

Finally, on count 5 the court imposed and stayed execution of one-third the middle term of five years (doubled under the three strikes law), plus terms for the firearm enhancement and gang penalty, and on count 9 the court imposed and stayed execution of one-third the middle term of two years (doubled under the three strikes law). That was error.[8] In resentencing Paniagua, the court must impose the full term on any counts on which the court stays execution of the sentence (e.g., counts 5 and 9). (See *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1197-1198 ["'The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not to a sentence stayed under section 654.'"].) The court must also select, from the counts subject to a determinate sentence, the count with the greatest term of imprisonment and impose the full term on that count. (§ 1170.1, subd. (a); see *People v. Sasser*

_____

[8] The court also erred in imposing a determinate term on count 5 (§ 246). When the crime of shooting at an occupied motor vehicle "is committed to benefit a criminal street gang," which the jury here found, "the penalty is life imprisonment, with a minimum term of no less than 15 years." (*People v. Brookfield, supra*, 47 Cal.4th at p. 591; see § 186.22, subd. (b)(4)(B).) Of course, if the trial court strikes the gang allegation, section 186.22, subdivision (b)(4)(B), would no longer apply to the sentence on count 5.

(2015) 61 Cal.4th 1, 8-9 [describing the requirements under the determinate sentencing law for multiple convictions]; *People v. Felix* (2000) 22 Cal.4th 651, 659 ["sentences of some number of years to life are indeterminate sentences not subject to the" determinate sentencing law]; *People v. Minifie* (2018) 22 Cal.App.5th 1256, 1264 [sentencing for indeterminate crimes and determinate crimes "'must be performed separately and independently of each other'"]; Cal. Rules of Court, rule 4.451(a).)

## DISPOSITION

Paniagua's sentences are vacated. The trial court is directed to strike the firearm enhancements on count 7 and to resentence Paniagua in accordance with Senate Bill Nos. 567 and 81 and Assembly Bill No. 518 and in compliance with section 1170.1, subdivision (a). The trial court is also directed to impose full terms on any stayed sentences.


SEGAL, J.


We concur:



PERLUSS, P. J.                    WISE, J.*

---

\*      Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


17